**FILED**
2016 Jan-19  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE J. DAWSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 2:15-cv-1799-WMA |
| WAL-MART STORES EAST, LP, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION AND ORDER

This is another in the ever lengthening parade of employment discrimination cases that require an application of the concept of "but-for" causation as an essential to the viability of the statutory claim. The above entitled action, brought by Willie J. Dawson, is a dead ringer for, or the clone of, *Savage v. Secure First Credit Union*, 107 F. Supp. 3d 1212 (N.D. Ala. 2015), decided by this court and now pending on appeal in the Eleventh Circuit. Both plaintiff Savage and plaintiff Dawson insist on a right to bring mixed-motive complaints charging more than one statutorily proscribed motivation for their employer's decision to terminate them. They both allege that the adverse decision is alternatively traceable (1) to the plaintiff's race, (2) to the plaintiff's age, (3) to the plaintiff's disability, and (4) in retaliation for protected activity by the plaintiff.

At a preliminary hearing conducted on January 8, 2016, the court promptly informed Dawson's counsel that it had not changed

its mind since it decided *Savage* and that Dawson therefore could expect to lose in this court, except for his claim of race discrimination that does not require "but-for" causation. The court disclaimed any authority to remedy what Dawson's counsel describe as a terribly unfair situation. But the court did agree with counsel that the issues they present here that appear in *Savage* are very important issues that cannot be covered with a band-aid. The reach of "but-for" calls for resolution even without the EEOC's saying how important it is in its brief *amicus curiae* filed in *Savage*.

After delivering the bad news, the court struck a deal with Dawson's counsel to grant their oral motion for a stay of the case pending the outcome of *Savage* after the court dismisses their ineffectual "but-for" claims. Accordingly, the court will grant the Rule 12(b)(6) motion to dismiss for failure to state a claim filed by Dawson's former employer, defendant Wal-Mart Stores East, LP. ("Wal-Mart"), but will not force Dawson to take an interlocutory appeal that was required of Savage in order to preserve her legal positions.

The requirement of "but-for" causation came into being with *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), in which the Supreme Court dealt with an employee who was seeking to proceed under a mixed-motives theory. One of the alleged proscribed motives for the defendant's adverse employment action was

2

plaintiff's being over 40 years of age, a violation of the Age Discrimination in Employment Act (ADEA).

At the preliminary hearing held on January 8, the court held up and read from the synopsis introducing *Gross* as follows:

**HOLDING: The Supreme Court, Justice Thomas, held that mixed-motives jury instruction <u>is never proper in ADEA case</u>.**

*Gross*, 129 S. Ct. at 2343 (emphasis added). This one sentence captures the essence of *Gross* and lays the groundwork for subsequent rulings regarding "but-for" causation. The Reporter of Opinions is, of course, not a member of the Supreme Court, but he or she is skilled at comprehending, articulating, and summarizing the holdings of the Court. The reporter here performed the task perfectly. It could have hardly been done better.

After counsel had a chance to digest what the court had shared with them, the court asked Dawson's counsel if their client's ADEA claim is a "mixed-motive" claim. Counsel hesitated to the point of demurrer. They did agree with the court that Justice Thomas is an Associate Justice of the Supreme Court of the United States and that he spoke for the majority of the Supreme Court in *Gross*. **They offered no way around the undeniable fact that *Gross* precludes ADEA**

claims from being "mixed-motive" claims.

If in a particular case there is no arguable basis for liability for an adverse employment action other than an employee's age, the employee has no problem in proceeding solely under the ADEA, alleging his age as the "but-for" cause. But, he cannot proceed under other theories, whether or not they require "but-for," and at the same time proceed with an ADEA claim. There is no escape from the clear embrace of *Gross*.

In *Gross* the Supreme Court recognized that it is bound by the congressional use of the pregnant words "because of." *A fortiori* for **all** claims that rely for their viability upon proof that the adverse action was "because of" a particular fact, pleading and proving that fact as the only reason for the conduct being complained of is a new, if unpleasant, fact of life for litigants like Savage and Dawson unless and until they can persuade Congress to re-create "mixed-motive" cases. As this court explained in *Savage*, the new regime ushered in by *Gross* requires sometimes difficult choices by a plaintiff at the earliest stage of the case.

The author of *Savage* is not the only court who recognizes the necessary implication of *Gross*, which was logically followed by *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), and by *Burrage v. United States*, 134 S. Ct. 881 (2014). Not known as a court which leans over backward to help defendants, the Second Circuit, as recently as September 2, 2015,

expressed itself as follows on the subject at hand:

> Unlike Title VII discrimination claims, however, for an adverse retaliatory action to be "because" a plaintiff made a charge, the plaintiff **must plausibly allege that the retaliation was a "but-for" cause of the employer's adverse action.** *See Nassar*, 133 S. Ct. at 2533. It is not enough that retaliation was a "substantial" or "motivating" factor in the employer's decision. *See id.*

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90-91 (2d Cir. 2015) (emphasis added). Because the principles in *Nassar* and *Vega* apply equally to ADEA cases, the Eastern District of New York in an ADEA case on November 6, 2015, followed the Second Circuit and said:

> **To state a claim pursuant to the ADEA a plaintiff must allege that age was the "but for" cause of the employer's adverse action, and not merely that it was a motivating factor.** *See Vega*, 801 F.3d at 86 (citing *Gross*, 557 U.S. at 177) (noting that a plaintiff alleging age discrimination must allege that age was the but-for cause of the adverse action). While a plaintiff need not specifically plead each and every element of a prima facie case of discrimination to survive a motion to dismiss, the standard provides a framework for analyzing whether the plaintiff's claims for relief are plausible. *Dechberry v. N.Y.C. Fire Dep't*, No. 14-CV-2130, 2015 WL 4878460, at *16 (E.D.N.Y. Aug. 14, 2015). **At the pleading stage, a plaintiff must plausibly allege that (1) his employer took an adverse employment action against her, and (2) his age "was the 'but-for' cause of the employer's adverse action."** *See Vega*, 801 F.3d at 86; *see also Ingrassia v. Health & Hosp. Corp.*, No. 14-CV-1900, 2015 WL 5229444, at *6 (E.D.N.Y. Sept. 8, 2015) ("*Vega* . . . require[s] a plaintiff alleging an ADEA violation to plausibly allege that the employer took adverse action against her and that age was the 'but for' cause in the employment decision.").

*Powell v. Delta Airlines*, No. 15-CV-2254(MKB), 2015 WL 6867185, at *6 (E.D.N.Y. Nov. 6, 2015) (emphasis added).

What about Dawson's ADA claim? There is one thing the court did not point out in its discussion of the ADA in its *Savage* opinion. Whoever drafted the current Eleventh Circuit Pattern Jury Instructions obviously understood that a claim brought under the Americans with Disabilities Act cannot be distinguished from ADEA claims or retaliation claims, insofar as the "but-for" requirement is concerned. Proof of this proposition is found at pp. 194-95 of the 2013 Civil Pattern Jury Instructions, which reads as follows (eliminating extraneous language):

> **Definition of "Because of Plaintiff's Disability"**
>
> Finally, if you find that plaintiff had a "disability," was a "qualified individual," and that defendant took an adverse employment action, you must decide whether defendant took that action **"because of"** plaintiff's disability. **Put another way, you must decide whether plaintiff's disability was the main reason for defendant's decision.**

(emphasis added). The court's guess is that the drafters were trying to preserve some sort of mixed-motive possibility for ADA plaintiffs. They not only failed to accomplish the impossible but laid a trap for the unwary. The essential "but-for" element cannot be replaced by the words "main reason," which cannot substitute for "but-for," and which require an evaluation of relative importance of reasons. The words "main reason" imply the existence of other actionable reasons. If this court is being too critical of the ersatz creation of the drafters of this jury instruction, the court apologizes.

Because Dawson has made clear that he will not allege that his age, or his disability, or Wal-Mart's retaliatory motive was the "but-for" reason for his termination, Wal-Mart's motion to dismiss insofar as it is directed at plaintiff's ADEA, ADA, and retaliation claims is GRANTED, and the said claims are hereby DISMISSED WITH PREJUDICE. Dawson's race discrimination claim brought under 42 U.S.C. § 1981 survives the current challenge because it requires no "but-for" causation.

Dawson's oral motion for a stay is GRANTED. Accordingly, this case is hereby STAYED pending the outcome of *Savage* in the Eleventh Circuit.

DONE this 19th day of January, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE